Matter of Johnson (2020 NY Slip Op 02355)





Matter of Johnson


2020 NY Slip Op 02355


Decided on April 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 23, 2020

PM-59-20

[*1]In the Matter of James C. Johnson, a Suspended Attorney. (Attorney Registration No. 1606722.)

Calendar Date: March 16, 2020

Before: Mulvey, J.P., Devine, Aarons, Pritzker and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 1979 after previously being admitted in his home state of Connecticut in 1978. However, by May 2019 order of this Court, respondent was suspended from the practice of law for conduct prejudicial to the administration of justice arising from his noncompliance with Judiciary Law § 468-a from 2010 onward (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1730 [2019]). Respondent remains so suspended to date.
Prior to this suspension, the Superior Court of the State of Connecticut, Judicial District of New Britain, by April 2018 order, accepted respondent's disciplinary resignation from the Connecticut bar, which order included respondent's waiver of the privilege of ever applying for reinstatement. Notably, respondent failed to contest the findings that he, among other things, violated several provisions of the Connecticut Rules of Professional Conduct by failing to pursue a client's civil claim with reasonable diligence, adequately communicate with that client, execute a proper fee agreement and cooperate with the investigation of his alleged misconduct undertaken by the Connecticut disciplinary authorities.[FN1] Respondent failed to notify this Court and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) within 30 days following the Connecticut order (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]). AGC now accordingly moves, by order to show cause made returnable March 16, 2020, to impose discipline upon respondent based upon the professional misconduct he was found to have committed by the Connecticut disciplinary authorities (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [a]; Rules of App Div, 3rd Dept [22 NYCRR] § 806.13). Respondent has not replied or otherwise responded (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]); therefore, we grant AGC's motion (see Matter of Tan, 149 AD3d 1344, 1345 [2017]).
Turning to the issue of the appropriate disciplinary sanction, we note that respondent's serious professional misconduct, resulting in his disciplinary resignation in Connecticut, is exacerbated not only by his failure to provide proper notice of same to this Court as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d), but also by his past disciplinary history — including his current suspension in this state — and his failure to respond to the subject motion (see Matter of McSwiggan, 169 AD3d 1248, 1250 [2019]). Respondent's established misconduct in Connecticut clearly demonstrates a pattern of disregard for his clients and the ethical rules governing attorneys (see generally Matter of Graham, 164 AD3d 1520, 1521 [2018]). Significantly, this Court has previously held that a disciplinary resignation in a foreign jurisdiction is equivalent to a disciplinary resignation resulting in disbarment in this state (see generally Matter of Canney, 165 AD3d 1461, 1461 [2018]). Accordingly, we find no reason to deviate from the severity of respondent's discipline in Connecticut and conclude that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent must be disbarred in this state (see Matter of Sisk, 23 AD3d 915 [2005]).
Mulvey, J.P., Devine, Aarons, Pritzker and Colangelo,
JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: The Attorney Grievance Committee for the Third Judicial Department points out that the rules found to have been violated by respondent in Connecticut are virtually identical to Rules of Professional Conduct (22 NYCRR) rules 1.3 (a); 1.4; 1.5 (b) and 8.4 (d).