Matter of Berglund (2020 NY Slip Op 02964)





Matter of Berglund


2020 NY Slip Op 02964


Decided on May 21, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 21, 2020

PM-75-20

[*1]In the Matter of George Darrell Berglund, a Suspended Attorney. (Attorney Registration No. 2249258.)

Calendar Date: May 4, 2020

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 1989, after previously being admitted in California in 1988. However, due to his registration delinquency from 2015 forward, respondent was suspended from the practice of law in New York as part of this Court's May 2019 mass suspension order (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1711 [2019]). Respondent remains suspended.
Meanwhile, by December 2014 order of the State Bar Court of California, respondent was placed on involuntary inactive status with a recommendation that he be disbarred, based on sustained findings that respondent had, among other things, made misrepresentations and breached the duties of loyalty and confidentiality with regard to a former client. Specifically, the State Bar Court determined that respondent, following his termination by a matrimonial client, filed an answer in her divorce matter along with two complaints to the California Board of Psychology wherein he revealed confidential information disclosed by his former client during his representation of her, and made numerous false and disparaging statements about her. In accordance with the recommendation of the State Bar Court, respondent was ultimately disbarred for his misconduct by January 2016 order of the Supreme Court of California.[FN1]
As a consequence of respondent's California misconduct, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon him pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13. Respondent has not replied to the motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." Respondent has not replied to AGC's motion and, consequently, he has waived any of his available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). However, we find that respondent's underlying misconduct in California for which he was disciplined in that state is proscribed by Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.9 (c) (1) and (2) and 8.4 (c), (d) and (h). Further, it is clear that respondent was afforded sufficient due process, and the findings against him in California did not suffer from an infirmity of proof (see Matter of Sklar, 167 AD3d 1142, 1143 [2018], appeal dismissed and lv denied 34 NY3d 972 [2019]). We therefore grant AGC's motion, find the misconduct established and turn to the issue of the appropriate disciplinary sanction (see Matter of Abongwa, 176 AD3d 1471, 1473 [2019]; Matter of Shedlick, 171 AD3d 1448, 1449 [2019]).
In considering the appropriate discipline, we first note respondent's failure to participate in these proceedings, his failure to report his California discipline and his ongoing registration delinquency in this state, which, considered altogether, evidence his indifference for his fate as an attorney in this state (see Matter of Bhalla, 173 AD3d 1432, 1434 [2019]; Matter of McCoy-Jacien, 167 AD3d 1414, 1415 [2018]). Further, we have considered the State Bar Court's findings with respect to respondent's motivation for his misconduct, as well as the factors in aggravation and mitigation (see e.g. Matter of Walter, 160 AD3d 1335, 1336 [2018]). In doing so, we find that respondent's misconduct is aggravated by the fact that his actions were undertaken willfully and were clearly motivated by his desire for retribution against his former client (see ABA Standard for Imposing Lawyer Sanctions § 9.22 [b]). We have also considered that respondent has a prior disciplinary history, having been publicly reproved in California in 1999 (see ABA Standard for Imposing Lawyer Sanctions § 9.22 [a]). Having considered all of the facts and circumstances presented, we find no reason to deviate from the severity of the sanction imposed in California (see Matter of Johnson, ___ AD3d ___, ___, 2020 NY Slip Op 02355, *1 [2020]). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we grant AGC's motion and conclude that respondent must be disbarred (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Egan Jr., J.P., Mulvey, Devine, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: Respondent failed to report both his 2014 placement on inactive status and his 2016 disbarment as required by Rules of the Appellate Division, Third Department (22 NYCRR) former § 806.19 (b) (see e.g. Matter of Sgambettera, 144 AD3d 1488, 1489 [2016]).