Matter of Ndi (2020 NY Slip Op 04433)





Matter of Ndi


2020 NY Slip Op 04433


Decided on August 6, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 6, 2020

PM-101-20

[*1]In the Matter of Benjamin N. Ndi, an Attorney. (Attorney Registration No. 4174777.)

Calendar Date: July 6, 2020

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Aarons, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 2003. He lists a business address with the Office of Court Administration in Maryland, where he is not admitted to the practice of law. Instead, respondent maintained a federal immigration practice in that jurisdiction on the strength of his New York license. By April 2018 order, the Court of Appeals of Maryland disbarred respondent from the practice of law in that state based upon findings that he had, among other things, failed to competently represent a client, neglected his client's legal matter, misappropriated client funds, made false statements of material facts and engaged in the unauthorized practice of law by representing a Maryland client in a personal injury action despite respondent's lack of a license to practice law in that state (Attorney Grievance Commn. of Maryland v Ndi, 458 Md 330, 182 A3d 797 [2018]; see Attorney Grievance Commn. of Maryland v Ndi, 459 Md 42, 184 A3d 25 [2018]).[FN1] Accordingly, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 due to his misconduct in Maryland. Respondent has not appeared or responded to the motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." The consequence for respondent's failure to reply to AGC's motion is the waiver of any of his available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]).[FN2] Accordingly, we find the misconduct established and turn to the issue of the appropriate disciplinary sanction (see Matter of Bailey, 177 AD3d 1079, 1080 [2019]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
As a result of respondent's failure to participate in these proceedings, he has presented no mitigating factors for our consideration. We note — as did the Maryland Court of Appeals — the numerous and unchallenged aggravating factors apparent in respondent's deficient representation of vulnerable clients in that jurisdiction (see ABA Standards for Imposing Lawyer Sanctions standard 9.22). Moreover, respondent's misconduct is further aggravated by his failure to notify this Court and AGC of the disciplinary action in Maryland as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d) (see Matter of Johnson, 182 AD3d 899, 900 [2020]). Clearly these considerations, together with respondent's failure to respond to this motion, demonstrate his disregard for his fate as an attorney in this state (see Matter of McSwiggan, 169 AD3d 1248, 1249 [2019]). Accordingly, upon careful consideration of the totality of the circumstances (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), we find no reason to deviate from the severity of respondent's discipline in Maryland (compare Matter of Ambe, 182 AD3d 695, 696-697 [2020]), and direct that, "in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent must be disbarred in this state" (Matter of Johnson, 182 AD3d 899, 900 [2020]).
Garry, P.J., Egan Jr., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: As a result of his Maryland misconduct, respondent was also disbarred from the practice of law before the Board of Immigration Appeals, the Immigration Courts and the Department of Homeland Security.

Footnote 2: We note that respondent's serious misconduct in Maryland also constitutes professional misconduct in New York (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15), inasmuch as the rules found to have been violated in imposing the sanction of disbarment are substantially similar to Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.1 (a); 1.3 (a); 1.4 (a) (3), (4); 1.5 (a); 1.15 (a), (b) (2), (4); (c) (3), (4); 1.16 (e); 5.5 (a); 7.1 (a) (1); and 8.4 (a)-(d).