Matter of Park (2020 NY Slip Op 07013)





Matter of Park


2020 NY Slip Op 07013


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

PM-155-20

[*1]In the Matter of Ellis K. Park, a Suspended Attorney. (Attorney Registration No. 4007571.)

Calendar Date: November 2, 2020

Before: Garry, P.J., Mulvey, Devine, Reynolds Fitzgerald and Colangelo, JJ. 


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice in his home state of California in 2001 and was thereafter admitted to practice by this Court in 2002. However, as part of this Court's May 2019 mass suspension order, respondent was later suspended from the practice of law in New York due to his ongoing registration delinquency beginning with the 2012-2013 biennial period [*2](Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1746 [2019]). Respondent remains so suspended.
In March 2016, trial counsel for the State Bar Court of California commenced a disciplinary proceeding against respondent alleging, among other things, that respondent had knowingly misappropriated client funds, had failed to notify his client that he had received funds on the client's behalf, had failed to properly provide his client with an accounting and had failed to properly maintain client funds in his attorney escrow account. The matter proceeded to a disciplinary trial before the State Bar Court of California; however, owing to respondent's recalcitrant behavior before the hearing judge and his failure to meaningfully demonstrate any desire to participate in the proceeding, the matter was ultimately determined on submission.[FN1] To this end, in its May 2017 decision, the State Bar Court found, by clear and convincing evidence, that respondent had violated several provisions of California State Bar Rules of Professional Conduct former rule 4-100 and California Business and Professions Code § 6106. Based upon past precedent in that state, together with consideration of various factors in aggravation, the State Bar Court placed respondent on involuntary inactive status with a recommendation that he be disbarred. He was later disbarred by October 2017 order of the Supreme Court of California. As a consequence of his California misconduct, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13. Respondent has not replied to the motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." Owing to respondent's failure to respond to AGC's motion, we find that he has waived any of his available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Nonetheless, we find that respondent's underlying misconduct in California for which he was disciplined in that state would violate Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a), (b), (c) (1) and (3). Further, there is no question that respondent received sufficient due process in the California proceeding, having received numerous opportunities to meaningfully present a defense that was only thwarted by his own defiance (see Matter of Berglund, 183 AD3d 1178, 1179 [2020]; Matter of Sklar, 167 AD3d 1142, 1143 [2018], appeal dismissed and lv denied 34 NY3d 972 [2019]). Finally, the detailed decision of the State Bar Court provides sufficient indicia that the determination of misconduct was well supported and did not suffer from an infirmity of proof. Accordingly, we grant AGC's motion, find the misconduct [*3]established and turn to the issue of the appropriate disciplinary sanction (see Matter of Ndi, 186 AD3d 916, 917 [2020]; Matter of Abongwa, 176 AD3d 1471, 1473 [2019]).
Respondent's failure to meaningfully participate in this proceeding has left us with no factors to consider in mitigation. Further, his failure to participate in this proceeding, his failure to report his California discipline and his persistent registration delinquency in this state, "considered altogether, evidence his indifference for his fate as an attorney in this state" (Matter of Berglund, 183 AD3d at 1179; see Matter of Bhalla, 173 AD3d 1432, 1434 [2019]; Matter of McCoy-Jacien, 167 AD3d 1414, 1415 [2018]).[FN2] We have also considered the State Bar Court's findings pertaining to the factors that serve to aggravate respondent's misconduct (see e.g. Matter of Walter, 160 AD3d 1335, 1336 [2018]). In this respect, we note that respondent's actions encompassed multiple acts of misconduct and, as of the date of respondent's California disbarment, there is no indication that he has provided any restitution to his aggrieved client (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [d], [j]). We have also considered his abhorrent behavior during the California disciplinary proceeding, as well as his seeming indifference to the severity of his misconduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [e], [g]). In total, we find no reason to deviate from the severity of the sanction imposed in California (see Matter of Berglund, 183 AD3d at 1179; Matter of Johnson, 182 AD3d at 900). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we conclude that respondent should be disbarred (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b]).
Garry, P.J., Mulvey, Devine, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: Respondent initially failed to respond to the notice of disciplinary charges and, accordingly, a default was entered. However, respondent successfully moved to set aside the default and the matter was eventually set for trial.

Footnote 2: Respondent's lack of interest in his license to practice law in this state is further evidenced by his neglect of his obligations as an attorney, as he made no effort to report both his May 2017 placement on inactive status and his October 2017 disbarment to this Court and to AGC in violation of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d) (see Matter of Johnson, 182 AD3d 899, 900 [2020]).