Matter of Albert (2021 NY Slip Op 00772)





Matter of Albert


2021 NY Slip Op 00772


Decided on February 5, 2021


Appellate Division, Fourth Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ. (Filed Feb. 5, 2021.) 


&em;

[*1]MATTER OF MATT A. ALBERT, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on February 21, 2008, and he maintains an office in Buffalo. In February 2020, the Grievance Committee filed a petition asserting against respondent five charges of professional misconduct, including engaging in sexual relations with a client in a domestic relations matter, engaging in undignified conduct before a tribunal, engaging in illegal conduct that adversely reflects on his fitness as a lawyer, and failing to comply with certain rules governing the maintenance of his attorney trust account. The parties thereafter filed with this Court a joint motion for an order imposing discipline by consent wherein respondent conditionally admits that he engaged in certain acts of misconduct alleged in the petition and violated various provisions of the Rules of Professional Conduct (22 NYCRR 1200.0). The joint motion of the parties requests that this Court enter a final order of discipline suspending respondent for a period of six months.
With respect to charge one, respondent conditionally admits that, in December 2016, he began representing a client in a domestic relations matter and, for several weeks over the course of the representation, he engaged in a romantic relationship with the client that involved sexual relations.
With respect to charge two, respondent conditionally admits that, in January 2017, he commenced a romantic relationship that involved sexual relations with a different woman and, while that relationship was ongoing, he agreed to represent the woman in a child custody matter without charging her a legal fee. Respondent admits that opposing counsel in the matter moved to disqualify respondent based on his relationship with the client and, although respondent opposed the motion, Family Court disqualified respondent from representing the client in the matter, albeit without specifying the grounds for the disqualification. Respondent admits, however, that before he was disqualified he sent text messages to the client threatening to inform the father of the client's child that the client was purportedly abusing alcohol and engaging in sexual misbehavior. Although respondent did not follow through on the threats, he admits that those threats demonstrate that his sexual relationship with the client gave rise to a significant risk that his professional judgment would be adversely affected by his own personal interest in his relationship with the client.
With respect to charge three, respondent conditionally admits that, while he was engaged in the relationship with the client referenced in charge two, he and the client had a physical altercation at respondent's home in June 2017 during which respondent, inter alia, slapped the client on her ear and placed his hands around her throat. Respondent admits that he was thereafter arrested, charged with various crimes, and served with a three-month stay away order of protection in favor of the client. Respondent also admits that, despite his knowledge of that stay away order of protection, he subsequently had multiple consensual contacts with the client, including telephone conversations, text messages, and in-person visits at respondent's home. In March 2018, a grand jury indicted respondent on several charges arising from the physical altercation and the subsequent related events and, in November 2018, respondent resolved all charges by entering a plea of guilty in Supreme Court, Erie County to one count of assault in the third degree in violation of Penal Law § 120.00 (1), a class A misdemeanor. Respondent was thereafter sentenced to a one-year conditional discharge and directed to complete a 40-week domestic violence program. Supreme Court also entered a five-year stay away order of protection in favor of the client.
With respect to charge four, respondent conditionally admits that, in 2014, he appeared in Sardinia Town Court on behalf of a client to contest a "dangerous dog" complaint made by law enforcement officials under Agriculture and Markets Law § 123. Respondent admits that, during the appearance, he took issue with certain procedural and substantive rulings of Town Court, which prompted respondent to repeatedly interrupt the proceeding in an unprofessional and discourteous manner. Although respondent apologized to Town Court prior to the conclusion of the proceeding, the next day respondent published comments on social media stating that there [*2]was "no doubt" that the Town Justice was "in the[ ] pockets" of the law enforcement officials and that, when respondent raised that issue in Town Court, the Town Justice "tried to have [respondent] locked up."
With respect to charge five, respondent conditionally admits that, from January through July 2015, he deposited earned legal fees into his attorney trust account, thereby commingling personal funds with funds belonging to clients, and he failed to make or keep required financial records for his attorney trust account, such as banking statements, a check register or check stubs, and a general ledger showing the running balance in the account.
Motions for discipline by consent are governed by section 1240.8 (a) (5) of the Rules for Attorney Disciplinary Matters (22 NYCRR), which provides that, at any time after the Grievance Committee files a petition alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent. Such a motion must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and the specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon disciplinary sanction (see 22 NYCRR 1240.8 [a] [5] [i]). If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion. If the Court declines to impose the sanction requested by the parties or otherwise denies the motion, the respondent's conditional admissions are deemed withdrawn and may not be used in the pending proceeding (see 22 NYCRR 1240.8 [a] [5] [iv]).
In this case, we grant the joint motion of the parties and conclude that respondent's admissions establish that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.7 (a) (2)—representing a client in a matter in which a reasonable lawyer would conclude that there will be a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests, without obtaining from each affected client informed consent, confirmed in writing;
rule 1.8 (j) (1) (iii)—entering into sexual relations with a client during the course of his representation of the client in a domestic relations matter;
rule 1.15 (a)—commingling personal funds with funds belonging to another person that were received incident to his practice of law;
rule 1.15 (d) (1)—failing to maintain for seven years required bookkeeping records, including records of all deposits and withdrawals from any bank account concerning or affecting his practice of law and records showing the source and amounts of all funds deposited into, or disbursed from, any such account;
rule 1.15 (d) (2)—failing to make contemporaneous and accurate entries of all financial transactions in his records of receipts and disbursements, ledger books, and any other books of account kept by him in the regular course of his practice;
rule 3.3 (f) (2)—engaging in undignified or discourteous conduct in appearing as a lawyer before a tribunal;
rule 3.4 (a) (6)—knowingly engaging in illegal conduct or conduct contrary to the Rules of Professional Conduct;
rule 3.4 (c)—disregarding, or advising a client to disregard, a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding;
rule 8.2 (a)—knowingly making a false statement of fact concerning the qualifications, conduct or integrity of a judge or other adjudicatory officer;
rule 8.4 (b)—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
In imposing the sanction requested by the parties, we have considered the serious nature of respondent's misconduct, which includes a relatively lengthy course of illegal and other conduct in knowing disregard of court directives or well known standards of conduct applicable to all lawyers. We have also considered, however, the matters in mitigation submitted by respondent, including his statement that the misconduct occurred while he was suffering from alcohol, substance abuse, and mental health issues, and that he has since successfully sought [*3]treatment for those issues. We have also considered that there have been no additional disciplinary complaints filed against respondent since he sought treatment for those conditions. Accordingly, we conclude that respondent should be suspended for a period of six months and until further order of the Court.