Matter of Harmon (2021 NY Slip Op 01114)





Matter of Harmon


2021 NY Slip Op 01114


Decided on February 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

PM-10-21

[*1]In the Matter of Rhashea Lynn Harmon, a Suspended Attorney. (Attorney Registration No. 4988713.)

Calendar Date: January 11, 2021

Before: Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Rhashea Lynn Harmon, Philadelphia, Pennsylvania, respondent pro se.



Per Curiam.
Respondent was admitted to practice in this state in 2011; she was also admitted in New Jersey and in her home state of Pennsylvania the following year. In July 2020, this Court suspended respondent from the practice of law in this state due to her registration delinquency beginning with the 2017-2018 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 185 AD3d 1373, 1375 [2020]). Respondent remains so suspended.
In October 2017, the New Jersey Office of Attorney Ethics (hereinafter OAE) commenced an investigation into allegations that respondent had, among other things, failed to properly communicate with a client, failed to properly terminate her relationship with that client and failed to protect that client's interests following the termination of representation. Specifically, respondent failed to appear at her client's trial and improperly attempted to withdraw from representation without the court's permission, which ultimately resulted in a mistrial. Thereafter, OAE sought respondent's cooperation with its investigation on numerous occasions, to no avail. Accordingly, OAE presented the matter to the New Jersey Disciplinary Review Board on default, alleging that respondent had engaged in misconduct in violation of New Jersey Rules of Professional Conduct, rules 1.4 (b); 1.16 (c) and (d); 8.4 (d); and 8.1 (b). The Disciplinary Review Board sustained the charges and recommended a three-month suspension based upon the nature of the misconduct and several factors in aggravation. In November 2019, the Supreme Court of New Jersey adopted the Disciplinary Review Board's findings, but determined that an enhanced sanction was warranted based on respondent's failure to respond to the order to show cause before the court, and suspended respondent indefinitely (Matter of Harmon, 240 NJ 124, 220 A3d 477 [2019]). Respondent remains suspended in New Jersey.
Meanwhile, in September 2018, the Pennsylvania Office of Disciplinary Counsel (hereinafter PAODC) began investigating respondent based upon her conduct in connection with a May 2015 arrest for criminal trespass, criminal mischief and criminal conspiracy, as well as allegations that she had filed a frivolous federal civil rights lawsuit intended to harass her former landlord and had filed fraudulent tax documents. Further, in February 2019, PAODC commenced a separate investigation into allegations that respondent had engaged in the unauthorized practice of law after being administratively suspended in September 2017. Similar to her New Jersey disciplinary matter, respondent made no meaningful effort to cooperate with PAODC's investigations into her conduct despite being given various opportunities. Accordingly, in April 2019, PAODC filed disciplinary charges against respondent alleging that her actions violated Pennsylvania Rules of Professional Conduct, rules 3.1; 4.4 (a); 5.5 (a), (b) (1) and (2); 7.1; and 8.4 (b), (c) and (d), along with various violations of [*2]the Pennsylvania Rules of Disciplinary Enforcement. Respondent did not provide an answer to the petition and failed to appear at her disciplinary hearing, which resulted in PAODC presenting her matter to the Disciplinary Board of the Supreme Court of Pennsylvania on default. In its May 2020 decision, the Disciplinary Board sustained the charges against respondent and recommended disbarment, determining, based on the nature of her misconduct and various factors in aggravation, that she was unfit to practice law and posed a danger to the public. In July 2020, the Supreme Court of Pennsylvania accepted the Disciplinary Board's recommendation and disbarred respondent from the practice of law in that state.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 as a consequence of her New Jersey and Pennsylvania misconduct. Respondent has submitted correspondence in response and AGC has replied with this Court's permission.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." An attorney facing discipline as a result of his or her sustained foreign misconduct may assert in his or her defense that the disciplinary hearings in the foreign jurisdiction lacked due process, that there was an infirmity of proof establishing the misconduct, or that the alleged misconduct forming the basis for discipline in the foreign jurisdiction would not constitute misconduct in New York (see Matter of Petigara, 186 AD3d 940, 941 [2020]). In her submission to this Court in response to AGC's motion, respondent raises none of her available defenses and, accordingly, we find that she has waived her opportunity to do so (see Matter of Hoines, 185 AD3d 1349, 1349 [2020]). Notwithstanding, had she elected to raise those defenses, her efforts would have been in vain. To this end, respondent was clearly provided sufficient due process, as she deliberately chose to forgo any participation in both the New Jersey and Pennsylvania disciplinary proceedings despite receiving a multitude of opportunities to present a defense (see generally Matter of Park, 188 AD3d 1550, 1551 [2020]; Matter of Berglund, 183 AD3d 1178, 1179 [2020]). Further, both the New Jersey and Pennsylvania findings of misconduct are well detailed and supported by ample proof. Finally, there is no question that respondent's misconduct in both states would also constitute misconduct in this state in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.4 (a) (3) and (4); 1.16 (d) and (e); 3.1 (a) and (b); 4.4 (a); 5.5 (a) and (b); 7.1 (a); and 8.4 (b), (c) and (d) (see e.g. Matter of Rinaldo, 168 AD3d 1212, 1212 [2019]; Matter of McArdle, 167 AD3d 1223, 1224 [*3][2018]; Matter of Pierre, 154 AD3d 194, 201 [2017], lv dismissed 31 NY3d 1043 [2018], cert denied ___ US ___, 139 S Ct 140 [2018]; Matter of Bailey, 145 AD3d 1182, 1182 [2016]). Accordingly, we grant AGC's motion, find the misconduct in New Jersey and Pennsylvania established and turn to the issue of the appropriate disciplinary sanction (see Matter of Ndi, 186 AD3d 916, 917 [2020]).
To that end, we consider the facts underlying the multiple acts of sustained misconduct before us in this matter. In New Jersey, respondent improperly withdrew from her client's criminal matter on the day of trial, completely disregarding the ethical rules governing withdrawal on client matters and, more importantly, making no effort to protect her client's interests. While her New Jersey misconduct is significant, her misconduct in Pennsylvania is even more egregious. There, respondent engaged in a campaign of vengeance and harassment against a former landlord, which involved improperly breaking into an apartment, filing retaliatory and frivolous court actions against perceived enemies and filing fraudulent tax filings intended to intimidate others. Further, pervading the disciplinary findings in both states are various examples of respondent treating litigants, attorneys and the courts with utter disrespect, by means of court filings, correspondence and her outward behavior in the courts. Such misconduct, in terms of both its severity and abundance, cannot be overstated.
Beyond these considerations, both the New Jersey and Pennsylvania disciplinary orders present various aggravating factors for our consideration (see e.g. Matter of Walter, 160 AD3d 1335, 1336 [2018]). Namely, respondent has engaged in numerous acts of misconduct, many of which were designed to harass others and were motivated by her desire for retribution (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [b], [d]). In fact, to this day respondent continues to profess her misguided belief that she herself was a victim and that she was not obligated to confirm her conduct to the ethics rules of any state, showing no remorse for her misconduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [g]). Finally, respondent's statements in her submission to this Court, together with her continuing registration delinquency and failure to timely report any of her foreign discipline to this Court and AGC, are demonstrative of her complete indifference towards her fate as an attorney in this state (see Matter of Bhalla, 173 AD3d 1432, 1434 [2019]; Matter of McCoy-Jacien, 167 AD3d 1414, 1415 [2018]; Matter of Perry, 85 AD3d 1443, 1445 [2011]). In total, considering the nature of respondent's misconduct in both New Jersey and Pennsylvania, along with the various aggravating factors against her, we find that respondent has effectively forfeited her privilege to practice law in this state. Accordingly, in order to protect the public, maintain the honor and integrity of the profession [*4]and deter others from committing similar misconduct, we grant AGC's motion and conclude that respondent must be disbarred (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).