Matter of Christenson (2021 NY Slip Op 07344)





Matter of Christenson


2021 NY Slip Op 07344


Decided on December 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 23, 2021

PM-180-21
[*1]In the Matter of Gordon Scott Christenson, a Suspended Attorney. (Attorney Registration No. 2298370.)

Calendar Date:October 25, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 1989, after previously being admitted in California. Respondent was suspended from the practice of law in New York by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 beginning in 2013 (Matter of Attorneys in Violation of Judiciary Law § 468, 172 AD3d 1706, 1717 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent remains so suspended to date, and is currently delinquent in his statutory registration obligations for five consecutive biennial periods.
In addition, between 2004 and 2009, respondent was the subject of multiple disciplinary proceedings in California. By two orders entered in May 2005 and June 2008, the Supreme Court of California imposed, among other things, two one-year stayed suspensions as a result of respondent's established professional misconduct in failing to perform legal services with competence, abandoning his representation of several clients, failing to refund unearned counsel fees, failing to communicate with clients and failing to maintain appropriate trust account records, all in violation of various provisions of the former California Rules of Professional Conduct and the Business and Professions Code of California. Subsequently, following respondent's failure to, among other things, comply with a court order and his default in responding to additional disciplinary charges, the Supreme Court of California disbarred respondent by October 2009 order. Significantly, respondent failed to report any of the California disciplinary orders to either this Court or the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d).
AGC now moves, by order to show cause marked returnable October 25, 2021 and supported by affirmation of counsel, to impose discipline upon respondent in this state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (a) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 as a consequence of his California misconduct. As noted by AGC, the misconduct for which respondent was disciplined in California would also constitute misconduct in this state in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.1 (a), 1.4 (a) and (b), 1.15 (c), (d) and (i), 1.16 (e), 3.4 (c), and 8.4 (d) (see Matter of Harmon, 191 AD3d 1149, 1151 [2021]). Moreover, since respondent has not replied or responded to the motion, we find that he has waived his available defenses and that his misconduct is accordingly established (see Matter of Halbfish, 78 AD3d 1320, 1321 [2010]; see also Matter of Morin, 131 AD3d 799, 799 [2015]; Matter of Radshaw, 130 AD3d [*2]1139, 1139 [2015]).
Turning to the issue of the appropriate disciplinary sanction for respondent's misconduct, we note that, pursuant Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." Given respondent's failure to participate in these proceedings, he has presented no mitigating factors for our consideration that would justify a deviation from the seriousness of the discipline imposed in California (see Matter of McSwiggan, 169 AD3d 1248, 1250 [2019]). Moreover, respondent's misconduct is further aggravated by, among other factors, his extant suspension in this state stemming from his longstanding registration delinquency and his failure to provide proper notice of his California misconduct (see Matter of Park, 188 AD3d 1550, 1551 [2020]). Accordingly, given the seriousness of respondent's misconduct in California and his demonstrated disregard for his fate as an attorney in New York (see Matter of McSwiggan, 169 AD3d at 1250), we find that to "protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be disbarred in this state" (Matter of Cresci, 175 AD3d 1670, 1672 [2019]; see Matter of Lewis, 132 AD3d 1017 [2015]).
Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).