Matter of Fetscher (2022 NY Slip Op 01505)





Matter of Fetscher


2022 NY Slip Op 01505


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

PM-50-22
[*1]In the Matter of Arik Brice Fetscher, an Attorney. (Attorney Registration No. 3928769.)

Calendar Date:December 20, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Arik Brice Fetscher, Cos Cob, Connecticut, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 2001 and was previously admitted in his home jurisdiction of Connecticut in 2000. In January 2018, the Superior Court of Connecticut, Judicial District of Stamford/Norwalk suspended respondent from the practice of law for 100 days based upon a finding of misconduct stemming from his October 2017 conviction for violating probation (see Connecticut Practice Book § 2-40; see also Connecticut General Statutes § 53a-32). Subsequently, in March 2019, the Superior Court again suspended respondent for eight months following the filing of a presentment seeking his discipline. Specifically, the Superior Court sustained charges that respondent had made false and reckless statements regarding two members of the Connecticut judiciary in violation of Connecticut Rules of Professional Conduct, rules 8.2 (a) and 8.4. Respondent has since been reinstated to the practice of law in Connecticut.
Accordingly, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent in New York based upon his sustained misconduct in Connecticut (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). Respondent has submitted an affidavit in response to the motion offering factors for this Court's consideration in mitigation.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." Respondent has not raised any of the available defenses identified in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b) and we therefore deem those defenses waived (see Matter of Hoines, 185 AD3d 1349, 1349 [2020]; see also Matter of Hoover, 196 AD3d 994, 994 [2021]). In any event, we note that respondent's collective misconduct underlying the two Connecticut disciplinary orders would violate Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.2 (a) and 8.4 (b) and (d). Further, the record demonstrates that respondent received ample notice and opportunity to participate in the two disciplinary proceedings, and that the findings of misconduct were fully supported by the evidence presented (see Matter of Winograd, 184 AD3d 1073, 1074 [2020]). We therefore find his misconduct established and proceed to our consideration of the appropriate sanction (see Matter of Petigara, 186 AD3d 940, 942 [2020]).
In making our determination, we take note of the various factors in mitigation and aggravation identified by the Superior Court in respondent's most recent disciplinary proceeding (see Matter of Berglund, 183 AD3d 1178, 1179 [2020]). In mitigation, the sole factor for our consideration is the effect of respondent's personal matters during the period of time when the misconduct took place (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [c]). Conversely, in aggravation, we [*2]note that respondent displayed no remorse for his derogatory statements regarding two members of the Connecticut judiciary, and steadfastly insisted that his conduct was justified. To be sure, respondent's submission on this motion suggests that his belief has not changed (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [g]). Further, we note that we are presented with multiple instances of misconduct stemming from the two separate disciplinary orders in Connecticut (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [d]).
Respondent's misconduct is also aggravated by his failure to fulfill his obligation to timely report either of his Connecticut suspensions to AGC and this Court (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]), as well as his failure to advise this Court or AGC of his conviction for operating a motor vehicle under the influence and his subsequent conviction for violating the terms of his probation associated with his initial conviction (see Judiciary Law § 90 [4] [c]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12). Finally, we have considered the precedent in this state concerning similar misconduct, which suggests that a significant sanction is warranted (see Matter of Albert, 193 AD3d 51, 54 [2021]; Matter of Lynum, 186 AD3d 970, 971 [2020]; Matter of Graham, 164 AD3d 1520, 1520 [2018]). To that end, we find no reason to deviate from the severity of the sanction imposed in respondent's home jurisdiction (see Matter of Park, 188 AD3d 1550, 1552 [2020]). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we suspend respondent from the practice of law for a period of eight months for his foreign misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of eight months, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the [*3]Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).