Matter of Adams (2022 NY Slip Op 02609)

Matter of Adams

2022 NY Slip Op 02609

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

PM-88-22
[*1]In the Matter of Temani Me'chelle Adams, an Attorney. (Attorney Registration No. 5753355.)

Calendar Date:December 13, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Temani Me'chelle Adams, Dallas, Texas, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2019. She is also admitted to the practice of law in Texas, where she maintains a law office. By August 2020 order, the US District Court for the Northern District of Texas suspended respondent from the practice of law in that jurisdiction for a period of six months based upon her false statements, violation of a court order and failure to provide a client with the rate or basis for a fee (Matter of Adams, 2020 WL 4922330 [ND Texas 2020]). Respondent failed to properly provide notice of her discipline to this Court and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) within 30 days following the imposition of the suspension order as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d). AGC now moves to impose discipline upon respondent in this state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 as a consequence of her misconduct and resulting discipline by the District Court.[FN1] Respondent has submitted papers in opposition to the motion, asserting in general terms that there was an infirmity of proof before the District Court establishing her misconduct and that her conduct would not be subject to discipline in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [2], [3]). AGC has submitted a reply with leave of this Court (see Rules of App Div, 3d Dept [22 NYCRR] § 806.13 [c]).
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." Upon consideration of the facts, circumstances and documentation before us, we conclude that respondent has not established the defenses that she invokes in opposing the imposition of discipline in this state. Contrary to respondent's argument, our review of the record fails to support her conclusory allegation that there was an infirmity of proof in the District Court proceeding, where she was afforded a full disciplinary hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [2]). Notably, the detailed findings of fact set forth in the District Court's decision support the conclusion as to respondent's guilt as to the sustained violations (see Matter of Ambe, 182 AD3d 695, 696 [2020]). In any event, despite her claims of unfair treatment before the District Court, respondent acknowledges her deliberate choice to not file an appeal from the suspension order. As for the remaining defense invoked by respondent, we are similarly unpersuaded, given that she presents nothing in support of her bare claim that her conduct would not also be subject to discipline in New York.[FN2] Accordingly, we find that respondent's defenses to the motion are not persuasive and, therefore, her misconduct is deemed established.
Turning our attention to the [*2]issue of the appropriate disciplinary sanction (see Matter of Cresci, 175 AD3d 1670, 1672 [2019]), we initially note that respondent's misconduct is aggravated by her failure to properly advise this Court and AGC of her discipline by federal authorities in Texas (see Matter of Harmon, 191 AD3d 1149, 1152 [2021]; Matter of Hoines, 185 AD3d 1349, 1350 [2020]). Moreover, given the absence of mitigating factors and the seriousness of respondent's misconduct as demonstrated by the established charges concerning respondent's lack of candor in the context of the disciplinary proceedings before the District Court (see ABA Standards for Imposing Lawyer Sanctions standards 6.12, 9.22 [f]), her violation of a court order (see ABA Standards for Imposing Lawyer Sanctions standard 6.22 [g]), and her apparent lack of remorse for her misconduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [g]), we conclude that a deviation from the sanction imposed by the District Court is not necessary and that respondent should be suspended from the practice of law for a period of six months in this state (see e.g. Matter of Proskurchenko, 171 AD3d 1439, 1440 [2019]; Matter of Hahn, 167 AD3d 1140, 1141 [2018]).
Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: As a result of the District Court order, respondent was also suspended from the practice of law for a six-month period by the US District Court for the Eastern District of Texas in September 2020, but has since been reinstated. AGC further indicates that respondent has also been reinstated to practice in the Northern District of Texas.

Footnote 2: As pointed out by AGC, the conduct for which respondent was disciplined before the District Court also constitutes professional misconduct in New York, given that the disciplinary rule violations are virtually identical to Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.5 (b); 3.4 (c); 4.1, 8.4 (d) (see also Judiciary Law § 90 [2]).