Matter of Kahn (2022 NY Slip Op 06310)

Matter of Kahn

2022 NY Slip Op 06310

Decided on November 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2022

PM-189-22
[*1]In the Matter of Alexander Elliott Kahn, a Suspended Attorney. (Attorney Registration No. 3968518.)

Calendar Date:July 18, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and McShan JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam
Respondent was admitted to practice by this Court in 2001. The following year, he was admitted in Georgia, where he most recently listed a business address with the Office of Court Administration. In January 2014, respondent was suspended by this Court for conduct prejudicial to the administration of justice arising from his noncompliance with this state's attorney registration requirements beginning in 2009 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1037 [3d Dept 2014]). Respondent remains suspended to date, and is currently delinquent in his statutory registration obligations for seven consecutive biennial periods (see Judiciary Law § 468-a [5]; Rules of the Chief Administrator of the Courts [22 NYCRR] § 118.1).
In June 2019, the Supreme Court of Georgia disbarred respondent from the practice of law in that state based upon undisputed and substantiated allegations that he had engaged in a scheme spanning multiple years to defraud a client of funds through deceitful misrepresentations, neglected the matters for which he had been hired and improperly withdrew from representation of that client, among other misconduct. Significantly, respondent failed to report the foregoing to either this Court or the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d). AGC now moves to impose discipline upon respondent in this state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (a) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 as a consequence of his undisputed Georgia misconduct.
Pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may impose discipline upon an attorney for "misconduct committed in [a] foreign jurisdiction." As noted by AGC, the misconduct that respondent was disciplined for in Georgia would also constitute misconduct in this state in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3, 1.5, 1.8 (a), 1.15 (a)-(b), 1.16, and 8.4 (c). As respondent has not responded to the motion, we find that he has waived his available defenses and that his misconduct is accordingly established (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]; Matter of Moses, 206 AD3d 1440, 1441 [3d Dept 2022]; Matter of Christenson, 200 AD3d 1472, 1473 [3d Dept 2021]).
In considering the appropriate disciplinary sanction for respondent's misconduct, we are mindful that "the misappropriation of client funds is one of the most serious violations of an attorney's ethical duties" (Matter of Cresci, 175 AD3d 1670, 1672 [3d Dept 2019]; see Matter of Anderson, 206 AD3d 1431, 1433 [3d Dept 2022]; Matter of Castillo, 157 AD3d 1158, 1159 [3d Dept 2018], lv denied 31 NY3d 906 [2018]). Given respondent's failure to participate in these proceedings, he has presented no mitigating factors for our consideration ([*2]see Matter of Park, 188 AD3d 1550, 1551 [3d Dept 2020]; Matter of Ndi, 186 AD3d 916, 917 [3d Dept 2020]). On the other hand, respondent's misconduct is further aggravated by, among other factors, his extant suspension in this state stemming from his longstanding and uncured registration delinquency, as well as his failure to provide proper notice of his Georgia misconduct (see Matter of Christenson, 200 AD3d at 1474; Matter of Ndi, 186 AD3dat 917). These considerations likewise demonstrate respondent's disregard for his fate as an attorney in New York (see Matter of Park, 188 AD3d at 1551; Matter of Berglund, 183 AD3d 1178, 1179 [3d Dept 2020]). In view of the egregious nature of respondent's misconduct, and in order "to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct," we conclude that respondent should be disbarred from the practice of law in this state (Matter of Cresci, 175 AD3d at 1672; see Matter of Ndi, 186 AD3d at 917-918; Matter of Patel, 166 AD3d 1463, 1464 [3d Dept 2018]; Matter of Friedman, 166 AD3d 1208, 1209 [3d Dept 2018]; Matter of Castillo, 157 AD3d at 1159).
Egan Jr., J.P., Clark, Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).