*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 27, 2015          D-61-15
_____

In the Matter of PHILIP J.
   MORIN III, an Attorney.          MEMORANDUM AND ORDER
                            ON MOTION

(Attorney Registration No. 2893659)

_____


Calendar Date:  July 27, 2015

Before:  McCarthy, J.P., Egan Jr., Rose and Devine, JJ.

_____

     Monica A. Duffy, Committee on Professional Standards,
Albany (Alison M. Coan of counsel), for Committee on Professional
Standards.

_____

Per Curiam.

     Philip J. Morin III was admitted to practice by this Court
in 1998.  He was previously admitted to practice in New Jersey in
1994, where he maintains an office for the practice of law.

     By order entered July 11, 2014, the Supreme Court of New
Jersey publically reprimanded Morin upon his execution of a
stipulation of discipline upon consent wherein he admitted to a
violation of three rules of New Jersey's Rules of Professional
Conduct (Matter of Morin, 218 NJ 163, 93 A3d 758 [2014]).  The
Committee on Professional Standards now moves for an order
imposing discipline upon Morin pursuant to this Court's rules as
a result of the discipline imposed in New Jersey (see Rules of
App Div, 3d Dept [22 NYCRR] § 806.19).  Morin has not replied to
the Committee's motion or otherwise raised any available defenses
(see Rules of App Div, 3d Dept [22 NYCRR] § 806.19 [d]);
therefore, we grant the Committee's motion (see Matter of Lane,
130 AD3d 1361, ___, 12 NYS3d 919, 920 [2015]; Matter of Halbfish,
78 AD3d 1320, 1321 [2010]).

     Turning to the issue of the appropriate disciplinary
sanction, we note the presence of aggravating circumstances

herein, including, among other things, Morin's failure to respond to the subject motion and his failure to file a copy of the order of the Supreme Court of New Jersey with this Court, as required by Rules of the Appellate Division, Third Department (22 NYCRR) § 806.19 (b). Accordingly, under all the facts and circumstances presented, and especially noting Morin's underlying misconduct — depriving his client of legal recourse in certain land use litigation after he misrepresented to his client, for a period of approximately two years, that an appeal in the matter remained pending, despite his knowledge that said appeal had been previously dismissed for lack of prosecution — and his evident disregard for his fate as an attorney in this state, we conclude that he should be suspended from the practice of law for a period of 90 days (see e.g. Matter of Radshaw, 130 AD3d 1139, ___, 13 NYS3d 618, 619 [2015]; Matter of Weil, 109 AD3d 1019, 1019-1020 [2013]; Matter of Dahl, 108 AD3d 1009, 1010 [2013]).

McCarthy, J.P., Egan Jr., Rose and Devine, JJ., concur.


ORDERED that the motion of the Committee on Professional Standards is granted; and it is further

ORDERED that Philip J. Morin III is suspended from the practice of law for a period of 90 days, effective immediately, and until further order of this Court; and it is further

ORDERED that, for the period of suspension, Philip J. Morin III is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and Morin is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that Philip J. Morin III shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see Rules of App Div, 3d Dept [22 NYCRR] § 806.9).


ENTER:

Robert D. Mayberger
Clerk of the Court