*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 1, 2015                    D-65-15
_____

In the Matter of NEAL R.
    LEWIS, an Attorney.                    MEMORANDUM AND ORDER
                                               ON MOTION
(Attorney Registration No. 1836071)

_____


Calendar Date:  September 14, 2015

Before:  Lahtinen, J.P., McCarthy, Rose and Lynch, JJ.

_____


        Monica A. Duffy, Committee on Professional Standards,
Albany (Anna E. Remet of counsel), for petitioner.


_____


Per Curiam.

        Neal R. Lewis was admitted to practice by this Court in
1982.  He was previously admitted to practice in Florida in 1978,
where he formerly maintained an office for the practice of law.

        By order filed February 20, 2015, the Supreme Court of
Florida granted Lewis' uncontested petition for disciplinary
revocation, with leave to seek readmission after five years
(Matter of Lewis, 163 So 3d 509 [Fla Sup Ct 2015]).  This order
was premised upon, among other things, Lewis' failure to maintain
certain required trust account records and his conversion of
$92,500 in client funds from his attorney trust account.
Pursuant to the Rules Regulating the Florida Bar, "a disciplinary
revocation is tantamount to disbarment" (Rules Regulating the
Florida Bar, rule 3-5.1 [g]; see The Florida Bar v Hale, 762
So 2d 515, 517 [Fla Sup Ct 2000])

        The Committee on Professional Standards now moves for an
order imposing discipline in this state pursuant to Rules of the
Appellate Division, Third Department (22 NYCRR) § 806.19 by

reason of the discipline imposed in Florida.  Lewis has not replied or otherwise appeared in response to the motion, and has accordingly waived his available defenses (see Matter of Halbfish, 78 AD3d 1320, 1321 [2010]; see also Matter of Morin, 131 AD3d 799, 799 [2015]; Matter of Radshaw, 130 AD3d 1139, 1139 [2015]).

We grant the Committee's motion and further conclude that, under the circumstances presented and in the interest of justice, Lewis should be disbarred in this state (see Matter of Hock Loon Yong, 130 AD3d 1428, 1429 [2015]; Matter of Felli, 116 AD3d 1335, 1335 [2014]; Matter of Goodhart, 56 AD3d 889, 889-890 [2008]).

Lahtinen, J.P., McCarthy, Rose and Lynch, JJ., concur.


ORDERED that the motion of the Committee on Professional Standards is granted; and it is further

ORDERED that Neal R. Lewis is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further

ORDERED that Neal R. Lewis is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and Lewis is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that Neal R. Lewis shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (<u>see</u> Rules of App Div, 3d Dept [22 NYCRR] § 806.9).


ENTER:

Robert D. Mayberger
Clerk of the Court