Matter of Lee (2020 NY Slip Op 00206)





Matter of Lee


2020 NY Slip Op 00206


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

PM-08-20

[*1]In the Matter of Pil Jae Lee, a Suspended Attorney. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Pil Jae Lee, Respondent. (Attorney Registration No. 4161071.)

Calendar Date: December 9, 2019

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for petitioner.
Foley Griffin, LLP, Garden City (Chris McDonough of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 2003 and currently lists a business address in California with the Office of Court Administration. Following respondent's interim suspension by this Court by February 2013 order (103 AD3d 1026 [2013]), we thereafter suspended him from the practice of law in this state for a period of one year by June 2013 order (107 AD3d 1376 [2013]), based upon sustained allegations of client neglect and fraudulent conduct in connection with respondent's representation of immigration clients. This Court's suspension order specifically directed, among other things, that any future application for reinstatement by respondent "shall . . . be supported by a medical report indicating his capacity to resume the practice of law" (id. at 1376-1377 [emphasis added]). Respondent now seeks his reinstatement, by motion returnable December 9, 2019, and petitioner opposes the motion.[FN1]
Although this Court's review confirms several areas of concern as identified by petitioner with respect to the underlying merits of respondent's reinstatement application, it is unnecessary to presently consider these issues because respondent's application is facially deficient. Respondent's motion papers do not include the required medical report directed by this Court in respondent's suspension order. For this threshold reason, respondent's motion for reinstatement must be denied (see generally Matter of Weekes, 175 AD3d 1669, 1670 [2019]).
Egan Jr., J.P., Mulvey, Devine, Aarons and Reynolds
Fitzgerald, JJ., concur.
ORDERED that respondent's motion for reinstatement is denied.



Footnotes

Footnote 1: Finding no open claims against respondent, the Lawyers' Fund for Client Protection advises that it defers to the discretion of the Court regarding respondent's reinstatement.