Matter of Lynum (2020 NY Slip Op 04808)





Matter of Lynum


2020 NY Slip Op 04808


Decided on August 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 27, 2020

PM-111-20

[*1]In the Matter of Edward J. Lynum, an Attorney. (Attorney Registration No. 5041363.)

Calendar Date: August 17, 2020

Before: Lynch, J.P., Clark, Devine, Aarons and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan, of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 2012. He is also admitted in his home state of Florida, where he lists a business address with the Office of Court Administration. In November 2019, as a result of his failure to comply with a subpoena to testify before Florida disciplinary authorities, respondent was held in contempt of court by the Supreme Court of Florida and suspended pending his compliance with said subpoena (The Florida Bar v Lynum, 2019 WL 5846910 [Fla 2019]). In a second, unrelated disciplinary matter, respondent was suspended by March 2020 order of the Supreme Court of Florida for 180 days upon sustained allegations of discourteous, dishonest and disrespectful conduct toward members of the bench and bar (The Florida Bar v Lynum, 2020 WL 1061266 [Fla 2020]). Respondent remains suspended in Florida to date. Respondent notified the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) of the 2019 suspension, but not of the 2020 suspension, as is required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d). AGC now moves to impose discipline upon respondent in New York based upon his Florida misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [a]; Rules of App Div, 3d Dept [22 NYCRR]
§ 806.13). Respondent has not responded to the motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13, this Court may discipline respondent based upon his established professional misconduct in Florida. Although attorneys who face sanctions based upon a finding of misconduct in a foreign jurisdiction may raise certain defenses pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b), respondent waived any such defenses by failing to respond to AGC's motion (see Matter of McCarthy, 166 AD3d 1465, 1466 [2018]; Matter of Sicklinger, 166 AD3d 1205, 1206 [2018]).[FN1] We thus find the misconduct established (see Matter of Campbell, 160 AD3d 1200, 1201 [2018]).
Turning to the issue of the appropriate disciplinary sanction, the unchallenged findings reflect respondent's pattern of dishonest, discourteous and unprofessional conduct directed at members of the court and opposing counsel. Moreover, as a result of his failure to participate in this disciplinary proceeding, respondent has failed to demonstrate any mitigating factors — beyond his lack of disciplinary history. His failure to participate in this proceeding further evidences his lack of interest in his fate as an attorney in this state.[FN2] Additional aggravating factors include his failure to notify this Court and AGC of the disciplinary action imposed by the Florida 2020 order of suspension in violation of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d) (see Matter of Powers, 181 AD3d 1149, 1149 [2020]), as well as his failure to acknowledge the impropriety of his misconduct. Viewing the record as a whole (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), we find that a sanction consistent with that imposed in Florida is appropriate (see Matter of Cresci, 175 AD3d 1670, 1672 [2019]; Matter of Hulsey, 168 AD3d 1183, 1184-1185 [2019]; Matter of Hahn, 167 AD3d 1140, 1141 [2018]). Accordingly, "in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct," we find that respondent should be suspended from the practice of law for a period of seven months in this state, effective immediately, and we further condition any future application by respondent for reinstatement in this state upon proof that he has been reinstated to the practice of law in Florida (Matter of Proskurchenko, 171 AD3d 1439, 1440 [2019]; see Matter of Hulsey, 168 AD3d 1183, 1184-1185 [2019]).
Lynch, J.P., Clark, Devine, Aarons and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for seven months, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We note that respondent's established misconduct in Florida also constitutes misconduct in New York, as the rules found to have been violated underlying the Florida orders of suspension are substantially similar to Rules of Professional Conduct (22 NYCRR 1200.0) rules 3.1 (a); 3.3 (f) (2); 8.2 (a); and 8.4 (d).

Footnote 2: Notably, respondent failed to participate in either of the disciplinary proceedings in Florida underlying the two orders of suspension in that state.