Matter of Koziol (2020 NY Slip Op 05015)





Matter of Koziol


2020 NY Slip Op 05015


Decided on September 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 17, 2020

PM-117-20

[*1]In the Matter of Leon R. Koziol, a Suspended Attorney. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Leon R. Koziol, Respondent. (Attorney Registration No. 2075455.)

Calendar Date: August 10, 2020

Before: Egan Jr., J.P., Lynch, Devine, Pritzker and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for petitioner.
Leon R. Koziol, New Hartford, respondent pro se.



Per Curiam.
Respondent was admitted to practice by the Appellate Division, Fourth Department in 1986 and his disciplinary file was later transferred to this Court. By September 2010 order, this Court found respondent guilty of professional misconduct and imposed a one-year suspension from the practice of law (Matter of Koziol, 76 AD3d 1136 [2010], appeal dismissed 15 NY3d 943 [2010], lv denied 16 NY3d 853 [2011], cert denied 565 US 963 [2011]). Notably, the 2010 suspension was still in effect when this Court, by June 2013 order, found respondent guilty of further professional misconduct and suspended him from the practice of law for a period of six months (Matter of Koziol, 107 AD3d 1137 [2013], appeal dismissed, lv dismissed and denied 21 NY3d 1056 [2013], cert denied 571 US ___, 134 S Ct 1038 [2014]). Both suspensions remain in full force and effect despite respondent's repeated unsuccessful applications for, among other things, reinstatement or vacatur of the suspension orders in January 2013, May 2014, December 2015 and April 2017 (Matter of Koziol, 149 AD3d 1344 [2017]; Matter of Koziol, 134 AD3d 1298 [2015], appeal dismissed 26 NY3d 1136 [2016]).
Respondent now again seeks his reinstatement to the practice of law and he also separately moves for "orders in connection with the persecution of a civil rights attorney in a disciplinary case." Both motions have been marked returnable August 10, 2020. Petitioner opposes respondent's motions and cross-moves for an order enjoining respondent from filing any new motions or applications — aside from reinstatement applications — without first obtaining leave of this Court.
Initially, regarding respondent's reinstatement application, we note that he properly submits a sworn form affidavit applicable to attorneys suspended from the practice of law for longer than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C; see e.g. Matter of Padilla, 167 AD3d 1413 [2018]), which includes proof that respondent successfully completed the Multistate Professional Responsibility Examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Nevertheless, respondent's application lacks certain required proof and documentation, such as all copies of any filed income tax returns. Further, petitioner points out that the majority of respondent's statements in his affidavit are incomplete and/or unsupported. Of greatest concern, however, is the proof in the record that respondent remains in significant arrears in overdue child support payments, with the current amount totaling over of $36,000. Under these circumstances, we find that respondent's application for reinstatement must be denied (see Matter of Hogan, 174 AD3d 1221, 1222 [2019]; Matter of Courtney, 173 AD3d 1423, 1424 [2019]; see generally Judiciary Law § 90 [2-a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.25). Moreover, any future application by respondent for reinstatement must include proof that his child support obligations have been satisfied.
Turning to the parties' remaining motions, we agree with petitioner that respondent's separate motion seeking diverse orders granting him, among other things, immediate reinstatement to the New York bar and the expungement of his disciplinary history are not only lacking in merit, but are substantially the same as previous motions brought by respondent that were also denied on the merits. Under the circumstances, we further grant petitioner's cross motion and enjoin respondent from bringing any motion, application or proceeding in this Court, other than an application for reinstatement pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16, without prior leave of this Court (see e.g. Matter of Marin, 162 AD3d 1198 [2018]; Matter of Shieh, 162 AD3d 1393 [2018]).
Egan Jr., J.P., Lynch, Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that respondent's motions are denied; and it is further
ORDERED that the cross motion by the Attorney Grievance Committee for the Third Judicial Department is granted, and respondent is enjoined from bringing any motion, application or proceeding in this Court, other than an application for reinstatement pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16, without prior leave of this Court.