Matter of Attorneys in Violation of Judiciary Law § 468-a (Roberts) (2021 NY Slip Op 04643)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Roberts)

2021 NY Slip Op 04643

Decided on August 5, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 5, 2021

PM-103-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Norman Anthony Roberts II, Respondent. (Attorney Registration No. 2833945.)

Calendar Date:June 21, 2021
Before:Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Norman Anthony Roberts II, Fairfield, Connecticut, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1997 and is also admitted in Connecticut, where he resides and maintains a law practice. Respondent was suspended from the practice of law in New York by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 from 2015 onward (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1749 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Upon curing his registration delinquency in November 2019, respondent has now moved, by application marked returnable on June 21, 2021, for his reinstatement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the motion by correspondence from its Chief Attorney.[FN1]
The records of the Office of Court Administration indicate that, despite previously curing his attorney registration delinquency, respondent has once again fallen delinquent, having failed to timely register for the current biennial period beginning in February 2021 (see Rules of the Chief Admin of Cts [22 NYCRR] § 118.1 [c]). Respondent therefore cannot establish his entitlement to reinstatement and his motion must be denied (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Kabasinga], 152 AD3d 952, 953 [2017]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ostroskey], 151 AD3d 1377, 1378 [2017]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Harris], 151 AD3d 1373, 1374 [2017]).
Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that respondent's motion is denied.
Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's reinstatement application.