Matter of Koziol (2021 NY Slip Op 04787)





Matter of Koziol


2021 NY Slip Op 04787


Decided on August 26, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:August 26, 2021

PM-109-21
[*1]In the Matter of Leon R. Koziol, a Suspended Attorney. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Leon R. Koziol, Respondent. (Attorney Registration No. 2075455.)

Calendar Date:July 19, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for petitioner.
Leon R. Koziol, New Hartford, respondent pro se.



Per Curiam.
Respondent was admitted to practice by the Appellate Division, Fourth Department in 1986 and his disciplinary file was later transferred to this Court. By September 2010 order, this Court found respondent guilty of professional misconduct and imposed a one-year suspension from the practice of law (Matter of Koziol, 76 AD3d 1136 [2010], appeal dismissed 15 NY3d 943 [2010], lv denied 16 NY3d 853 [2011], cert denied sub nom. Koziol v Grievance Committee of Fifth Jud. Dist. of N.Y., 565 US 963 [2011]). Notably, the 2010 suspension from the practice of law was still in effect when this Court, by June 2013 order, found respondent guilty of further professional misconduct and suspended him from the practice of law for a period of six months (Matter of Koziol, 107 AD3d 1137 [2013], appeal dismissed and lv denied 21 NY3d 1056 [2013], cert denied ___ US ___, 134 S Ct 1038 [2014]). Both suspensions remain in full force and effect despite respondent's repeated unsuccessful applications for, among other things, reinstatement or vacatur of the suspension orders in January 2013, May 2014, December 2015 and April 2017 (see Matter of Koziol, 149 AD3d 1344 [2017]; Matter of Koziol, 134 AD3d 1298 [2015], appeal dismissed 26 NY3d 1136 [2016]).
Most recently, by September 2020 order, this Court denied, among other things, respondent's latest motion for reinstatement and specifically directed that "any future application by respondent for reinstatement must include proof that his child support obligations have been satisfied" (186 AD3d 1825, 1826 [2020] [emphasis added]).[FN1] Now, respondent again seeks his reinstatement to the practice of law by motion marked returnable July 19, 2021 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). Petitioner opposes respondent's motion.
Initially, we note that, while this Court's review confirms several areas of concern as identified by petitioner with respect to the underlying merits of respondent's reinstatement application, it is unnecessary to presently consider these issues given the fact that respondent's application is deficient on its face. Specifically, respondent's motion papers not only fail to contain the required proof that respondent's outstanding child support obligations have been satisfied, but petitioner has submitted uncontradicted proof that respondent's significant arrears in overdue child support payments now currently total over $47,000. Under these circumstances, we find that respondent's application for reinstatement must again be denied (see Matter of Hogan, 174 AD3d 1221, 1222 [2019]; Matter of Courtney, 173 AD3d 1423, 1424 [2019]; see generally Judiciary Law § 90 [2-a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.25). Moreover, we further note that respondent's application is subject to summary dismissal based upon records of the Office of Court Administration demonstrating that respondent's attorney registration is delinquent[*2], as he has failed to timely register for three biennial periods beginning in 2016 (see Rules of the Chief Admin of Cts [22 NYCRR] § 118.1 [c]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a [Roberts], ___ AD3d ___, ___, 2021 NY Slip Op 04643, *1 [2021]). Consequently, for these threshold reasons, respondent's motion for reinstatement must be denied.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that respondent's motion is denied.



Footnotes

Footnote 1: This Court additionally granted petitioner's cross motion for an order enjoining respondent from filing any new motions or applications — aside from reinstatement applications — without first obtaining leave of this Court.