Matter of Sheppard (2021 NY Slip Op 05004)





Matter of Sheppard


2021 NY Slip Op 05004


Decided on September 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 16, 2021

PM-118-21
[*1]In the Matter of Sean Patrick Sheppard, an Attorney. (Attorney Registration No. 3896511.)

Calendar Date:August 9, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 2000. He lists a business address with the Office of Court Administration in Florida, where he was previously admitted to practice in 1995. By September 2020 order, the Supreme Court of Florida accepted respondent's uncontested petition for disciplinary revocation of his Florida admission, effective immediately, with leave to seek readmission after five years (Matter of Sheppard, 2020 WL 5249375 [Fla Sup Ct 2020]). This order stemmed from respondent's admitted intentional conversion of $550,000 in client escrow funds for his personal use.
Noting that, pursuant to the Rules Regulating the Florida Bar, "[a] disciplinary revocation is tantamount to disbarment" (Rules Regulating the Florida Bar, rule 3-5.1 [g]), the Attorney Grievance Committee for the Third Judicial Department now moves, by order to show cause marked returnable August 9, 2021, to impose discipline upon respondent in this state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (a) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 as a consequence of his Florida misconduct. Respondent has not replied or responded to the motion to date, and has accordingly waived his available defenses (see Matter of Halbfish, 78 AD3d 1320, 1321 [2010]; see also Matter of Morin, 131 AD3d 799, 799 [2015]; Matter of Radshaw, 130 AD3d 1139, 1139 [2015]).
Turning to the issue of the appropriate disciplinary sanction for respondent's misconduct, we note that, as a result of respondent's failure to participate in these proceedings, he has presented no mitigating factors for our consideration (see Matter of McSwiggan, 169 AD3d 1248, 1250 [2019]). Moreover, respondent's misconduct is aggravated by Office of Court Administration records demonstrating that his attorney registration is delinquent, inasmuch as he has failed to timely register for the biennial period beginning in 2020 (see Rules of the Chief Admin of Cts [22 NYCRR] § 118.1 [c]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a [Roberts], ___ AD3d ___, ___, 2021 NY Slip Op 04643, *1 [2021]). Significantly, this Court has previously held that a disciplinary resignation in a foreign jurisdiction is equivalent to a disciplinary resignation resulting in disbarment in this state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10 (see e.g. Matter of Johnson, 182 AD3d 899, 901 [2020]; Matter of Canney, 165 AD3d 1461, 1461 [2018]; see also ABA Standards for Imposing Lawyer Sanctions § 4.11). Accordingly, given the seriousness of respondent's misconduct in intentionally converting client funds and his evident disregard for his fate as an attorney in New York (see Matter of McSwiggan, 169 AD3d at 1250), we find that, to "protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be disbarred in this state" (Matter of Cresci, 175 AD3d [*2]1670, 1672 [2019]; see Matter of Lewis, 132 AD3d 1017 [2015]).
Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).