Matter of Blasdell (2021 NY Slip Op 05914)





Matter of Blasdell


2021 NY Slip Op 05914


Decided on October 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 28, 2021

PM-142-21
[*1]In the Matter of Regina Lynn Blasdell, a Suspended Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Regina Lynn Blasdell, Respondent. (Attorney Registration No. 2904506.)

Calendar Date:August 2, 2021

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for petitioner.
Regina Lynn Blasdell, McDonough, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 1998 and lists a business address in Cortland County with the Office of Court Administration. By April 2017 order, this Court suspended respondent from the practice of law for a nine-month period based upon sustained allegations of professional misconduct, including the negligent and incompetent administration of an estate, engaging in a conflict of interest and the failure to cooperate with petitioner's investigation (149 AD3d 1242 [2017]). Notably, the suspension order specifically provided that any reinstatement application filed by respondent "shall also include a report from her mental health treatment provider assessing her capacity to practice law, including documentation that, during the period of her suspension, she both has been, and continues to be, in compliance with any recommended course of mental health treatment" (id. at 1243).
Respondent now applies for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16) and petitioner opposes the motion. Following our initial review, we referred the application to a subcommittee of the Committees on Character and Fitness for a hearing and report pursuant to Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (a) (5). Respondent appeared before the subcommittee in April 2021 and the subcommittee issued a report in June 2021 unanimously recommending that respondent's application for reinstatement be denied. Although both respondent and petitioner were afforded the opportunity to submit a response to the subcommittee report, neither has done so to date.
Initially, we note that, while respondent did submit some of the required documentation in support of her application, the subcommittee correctly noted that she failed to supply or supplement the various items that petitioner had identified as missing or incomplete, despite being given every opportunity to do so. In any event, it is unnecessary to presently consider issues related to the substance of respondent's application given the fact that it is facially deficient. Specifically, respondent's motion papers do not include the required mental health report specifically directed by this Court in respondent's suspension order (see Matter of Pil Jae Lee, 179 AD3d 1282, 1283 [2020]). Moreover, we further note that respondent's application is subject to summary dismissal based upon records of the Office of Court Administration demonstrating that respondent's attorney registration is currently delinquent due to her failure to timely register for two biennial periods beginning in 2018 (see Rules of the Chief Admin of Cts [22 NYCRR] § 118.1 [c]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a [Roberts], 197 AD3d 815 [2021]).[FN1] Consequently, for these threshold reasons, respondent's motion for reinstatement must be denied.
Garry, P.J., Egan Jr., Lynch, Aarons and Colangelo, JJ[*2]., concur.
ORDERED that respondent's application for reinstatement is denied.



Footnotes

Footnote 1: Notably, respondent's obligation to register was not obviated by her current suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1706-1707 [2019]).