Matter of Fogle (2021 NY Slip Op 07603)





Matter of Fogle


2021 NY Slip Op 07603


Decided on December 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 30, 2021

PM-186-21
[*1]In the Matter of Kevin C. Fogle, a Suspended Attorney. (Attorney Registration No. 5233556.)

Calendar Date:November 15, 2021 

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 2014, after previously being admitted in Pennsylvania in 2013.[FN1] However, in July 2020, this Court suspended respondent from the practice of law in New York due to his failure to comply with his attorney registration obligations beginning with the 2016-2017 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 185 AD3d 1373, 1376 [2020]). Respondent remains so suspended in New York to date.
Meanwhile, in February 2017, the Supreme Court of Pennsylvania suspended respondent from the practice of law for one year and one day based upon a joint petition for suspension on consent. Therein, respondent conceded that he had violated various provisions of the Pennsylvania Rules of Professional Conduct and Pennsylvania Rules of Disciplinary Enforcement by, among other things, disregarding the terms of an administrative suspension he had previously received in September 2015, abandoning and neglecting two of his clients' matters, contacting a represented party without permission from opposing counsel, failing to properly deposit client funds into his attorney trust account and failing to disburse those funds to his client, and failing to cooperate with a disciplinary investigation into his misconduct. Respondent has not sought his reinstatement in Pennsylvania.[FN2]
Accordingly, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 as a consequence of his Pennsylvania misconduct. Respondent has not responded to the motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." Owing to respondent's failure to respond to AGC's motion, we deem his available defenses waived (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). In any event, we find that respondent's misconduct in Pennsylvania would constitute misconduct in this state in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.4 (a) (3), (4); 1.5 (b); 1.15 (a), (b), (c) (1), (4); (d); 1.16 (b) (1); (e); 4.2 (a); and 8.4 (d), which are analogous to those provisions of the Pennsylvania Rules of Professional Conduct that he admitted to having violated. Further, respondent freely consented to his discipline in Pennsylvania, which establishes that he received due process in the disciplinary proceedings and that the sustained misconduct did not suffer from an infirmity of proof (see Matter of Winograd, 184 AD3d 1073, 1074 [2020]). We therefore grant AGC's motion, find the misconduct established and turn to the issue of the appropriate disciplinary sanction.
As part of our consideration of the appropriate sanction for respondent's misconduct, we take note [*2]of the aggravating and mitigating factors identified in the joint petition accepted by the Supreme Court of Pennsylvania as part of the disciplinary proceedings there (see e.g. Matter of Walter, 160 AD3d 1335, 1336 [2018]). In mitigation of respondent's misconduct, he had no record of discipline prior to the misconduct underlying the petition (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a]). However, aggravating his misconduct in this instance is his failure to promptly cooperate with disciplinary authorities in Pennsylvania, notwithstanding his ultimate decision to consent to discipline in that state. Further, we note that respondent failed to fulfill his obligation to report his Pennsylvania discipline to this Court and AGC in a timely manner (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]). This omission, when considered alongside his lengthy registration delinquency in this state and his decision to forgo any participation in this proceeding, evidences his indifference to his fate as an attorney in this state and aggravates his misconduct (see Matter of Walker, 175 AD3d 1667, 1668 [2019]). Altogether, we find that a sanction consistent with the measure of discipline imposed in Pennsylvania is appropriate under the circumstances. Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we suspend respondent from the practice of law for a period of one year and require that any future reinstatement application in this state must be supported by proof that he has been reinstated in Pennsylvania (see Matter of Lynum, 186 AD3d 970, 972 [2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Garry. P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of Law for a period of one year, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his [*3]affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: Respondent was also admitted to practice in New Jersey in 2014.

Footnote 2: In November 2018, the Supreme Court of New Jersey suspended respondent for a three-month period based upon his Pennsylvania misconduct. Respondent also remains suspended in New Jersey.