Matter of Watson (2022 NY Slip Op 03567)





Matter of Watson


2022 NY Slip Op 03567


Decided on June 2, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 2, 2022

PM-106-22
[*1]In the Matter of David John Watson, a Suspended Attorney. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; David John Watson, Respondent. (Attorney Registration No. 2597631.)

Calendar Date:March 21, 2022

Before:Garry, P.J., Egan Jr., Colangelo, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for petitioner.
Capasso & Associates LLC, Schenectady (Vincent Capasso Jr. of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 1994 and previously maintained a law office in the City of Albany. He was suspended from the practice of law for a two-year term by October 2014 order of this Court, upon sustained allegations that he had, among other things, engaged in a conflict of interest during his representation of an elderly and vulnerable relative of his former life partner (121 AD3d 1158 [2014]). In 2019, respondent applied for reinstatement and, after referring the matter to a subcommittee of the Committee on Character and Fitness for a formal hearing, we denied the application upon the ground that respondent had not "shown by clear and convincing evidence that he possesse[d] the requisite character and general fitness to resume the practice of law in New York" (188 AD3d 1437, 1438 [2020]). Respondent again applies for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]) and petitioner advises that it opposes the motion.
We observe at the outset that, while this Court's review confirms several areas of concern as identified by petitioner with respect to the underlying merits of respondent's reinstatement application, it is unnecessary to presently consider these issues given the fact that respondent's application is deficient on its face. Specifically, the records of the Office of Court Administration demonstrate that respondent's attorney registration is delinquent, as he has failed to timely register for four biennial periods beginning in 2014 (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1), a circumstance this Court has made clear is not excused by a suspension from practice (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1706-1707 [2019]; see also Matter of Blasdell, 198 AD3d 1252, 1253 [2021]; Matter of Koziol, 197 AD3d 845, 846 [2021], appeal dismissed 37 NY3d 979 [2021]). Accordingly, in light of the fact that respondent cannot presently "establish his entitlement to reinstatement," we conclude that his motion must be denied (Matter of Attorneys in Violation of Judiciary Law § 468-a [Roberts] (197 AD3d 815, 815 [2021]).
Garry, P.J., Egan Jr., Colangelo, Fisher and McShan, JJ., concur.
ORDERED that respondent's application for reinstatement is denied.