Matter of Moses (2022 NY Slip Op 04086)

Matter of Moses

2022 NY Slip Op 04086

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

PM-118-22
[*1]In the Matter of Anthony Joseph Moses, a Suspended Attorney. (Attorney Registration No. 4857470.)

Calendar Date:March 28, 2022

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 2010, having previously been admitted in Pennsylvania. However, by May 2019 order of this Court, respondent was suspended from the practice of law in New York for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 beginning in 2014 (Matter of Attorneys in Violation of Judiciary Law § 468, 172 AD3d 1706, 1742 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent remains so suspended to date, and is currently delinquent in his statutory registration obligations for four consecutive biennial periods.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now advises that the Supreme Court of Pennsylvania, by April 2016 order, disbarred respondent as a result of his submission of a verified statement of resignation from the bar while disciplinary charges were pending. Prior to his resignation, respondent was facing impending charges set forth in a lengthy petition for discipline alleging, among other things, that he violated dozens of disciplinary rules in the course of his representation of four separate clients, engaged in the unauthorized practice of law while suspended in that state, failed to cooperate in the investigation of his misconduct, submitted false documentation to disciplinary authorities and failed to report his September 2014 criminal conviction of driving under the influence. Significantly, respondent failed to report any of the Pennsylvania disciplinary orders to either this Court or AGC as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d). Additionally, he also failed to give the required notice of his criminal conviction to both this Court (see Judiciary Law § 90 [4] [c]) and AGC (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [a]).
Accordingly, AGC moves, by order to show cause marked returnable March 28, 2022, to impose discipline upon respondent in this state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (a) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 as a consequence of his Pennsylvania misconduct.[FN1] Significantly, respondent has not replied or responded to the motion. Consequently, we find that he has waived his available defenses and that his misconduct is established (see Matter of Halbfish, 78 AD3d 1320, 1321 [2010]; see also Matter of Morin, 131 AD3d 799, 799 [2015]; Matter of Radshaw, 130 AD3d 1139, 1139 [2015]).
Turning to the issue of the appropriate disciplinary sanction for respondent's misconduct, we note that, pursuant Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." Given respondent's [*2]failure to participate in these proceedings, he has presented no mitigating factors for our consideration that would call for a deviation from the seriousness of the discipline imposed in Pennsylvania (see Matter of McSwiggan, 169 AD3d 1248, 1250 [2019]). Moreover, respondent's egregious misconduct in Pennsylvania stemming from his failure to contest a petition alleging his violation of a staggering 77 disciplinary rule violations is further aggravated by, among other factors, his extant suspension in this state stemming from his longstanding registration delinquency and his failure to provide proper notice to this Court and AGC of his Pennsylvania misconduct (see Matter of Park, 188 AD3d 1550, 1551 [2020]). Accordingly, given the seriousness of respondent's undisputed misconduct in Pennsylvania and his demonstrated disregard for his fate as an attorney in New York (see Matter of McSwiggan, 169 AD3d at 1250), we find that to "protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be disbarred in this state" (Matter of Cresci, 175 AD3d 1670, 1672 [2019]; see Matter of Lewis, 132 AD3d 1017, 1017 [2015]; see also Matter of Fogle, 200 AD3d 1546, 1548 [2021]).
Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: We note that respondent's misconduct in Pennsylvania would also constitute misconduct in this state in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.1 (a); 1.3 (a); 1.4 (a) (2)-(5); 1.4 (b); 1.5 (b); 1.15 (b), (c) (1), (4); (d); 1.16 (b) (1); (e); 3.3 (a) (1); 5.5 (a), (b) and 8.4 (b)-(d), which are all sufficiently similar to those provisions of the Pennsylvania Rules of Professional Conduct that respondent admitted to having violated.