Matter of McQuade (2022 NY Slip Op 05741)

Matter of McQuade

2022 NY Slip Op 05741

Decided on October 13, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 13, 2022

PM-173-22
[*1]In the Matter of Thomas Patrick McQuade, a Suspended Attorney. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Thomas Patrick McQuade, Respondent. (Attorney Registration No. 2524221.)

Calendar Date:June 13, 2022

Before:Garry, P.J., Egan Jr., Aarons, Ceresia and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for petitioner.
Thomas Patrick McQuade, Loudonville, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1993 and lists a residential address in Albany County with the Office of Court Administration. By December 2013 order of this Court, respondent was suspended from practice for an 18-month term based upon sustained findings of professional misconduct as charged and specified in a petition and supplemental petition of charges alleging, among other things, that he neglected client matters and failed to cooperate with petitioner's investigation of his conduct (112 AD3d 1058 [3d Dept 2013]). Significantly, in light of respondent's disclosure of certain serious debilitating health issues, this Court's order of suspension specifically directed that any future reinstatement application by respondent shall include "a medical opinion indicating that he possesses the capacity to resume the practice of law" (id. at 1059). Respondent now seeks his reinstatement for the first time since his December 2013 suspension. Petitioner opposes the motion on several grounds.[FN1]
Although we are mindful that petitioner has identified several areas of concern related to the underlying merits of respondent's application, it is unnecessary to presently consider these issues because respondent's application is facially deficient. Specifically, respondent's motion papers do not include the required medical opinion specifically directed by this Court in respondent's suspension order (see e.g. Matter of Blasdell, 198 AD3d 1252, 1253 [3d Dept 2021]; Matter of Pil Jae Lee, 179 AD3d 1282, 1283 [3d Dept 2020]).[FN2] Accordingly, for this threshold reason, respondent's motion for reinstatement must be denied.
Garry, P.J., Egan Jr., Aarons, Ceresia and McShan, JJ., concur.
ORDERED that respondent's application for reinstatement is denied.

Footnotes

Footnote 1: The Lawyer's Fund for Client Protection advises that it has no objection to respondent's reinstatement.

Footnote 2: We note that the mere fact that a suspended attorney has self-certified as retired for attorney registration purposes (see Judiciary Law § 468-a [4]) is not, standing alone, a basis to deny a motion for reinstatement (see e.g. Matter of Attorneys In Violation of Judiciary Law § 468-a [Cox], 187 AD3d 1485, 1488 [3d Dept 2020]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a [DaCunzo], 199 AD3d 1118, 1120-1121 [3d Dept 2021]).